T.C. Summary Opinion 2008-108

UNITED STATES TAX COURT

CHARLENE DONIA STRINZ, n.k.a. CHARLENE MONTOUR,
Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent

CHARLENE D. STRINZ, n.k.a. CHARLENE MONTOUR, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 20179-05S, 897-06S.    Filed August 25, 2008.

Charlene Montour, pro se.

Robert V. Boeshaar and Jessica Yu, for respondent.

GERBER, Judge:  These cases[1] were heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect

_____

[1] Docket No. 20179-05S concerns the 1995 and 1996 tax years
and docket No. 897-06S concerns the 1994 tax year for petitioner.

when the petitions were filed.[2]  Pursuant to section 7463(b), the decisions to be entered are not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Petitioner sought relief from joint and several tax liability for 1994, 1995, and 1996.  She applied for relief under section 6015(b), (c), and (f), and respondent, in determinations, denied such relief.  Petitioner timely petitioned this Court for review of respondent's determinations.

Background

Petitioner, at the time of filing her petitions, resided in the State of Washington.  She filed joint returns with her former husband[3] for 1994, 1995, and 1996.  For each year the return was prepared by a professional preparer and reflected a balance of tax due.  Petitioner earned a small amount of wages each year from her work at her husband's construction company, but the underpayments were, in substantial part, due to income reported on Schedules C, Profit or Loss From Business, for the construction company.  Petitioner was responsible for the household bills and expenditures during the years in issue.

---

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue.

[3] For convenience, petitioner's former husband will be referred to as her husband.

When the 1994, 1995, and 1996 returns were filed, petitioner was aware of the couple's financial difficulties and that they were having a hard time paying their living expenses. Because she worked at her husband's construction company, she was also aware of its financial situation and that it was also having trouble paying its obligations. Petitioner and her husband had filed for bankruptcy and their unpaid tax liabilities for 1991, 1992, and 1993 were discharged, but the 1994, 1995, and 1996 tax liabilities were not qualified for discharge.

Petitioner separated from her husband during 1995 and obtained a final divorce effective December 31, 1997. Although separated, petitioner and her husband continued to file joint returns throughout the years at issue. After the separation, petitioner showed her husband's girlfriend how to run the administrative office of the construction business. Those duties included handling financial matters, typing contracts, buying office supplies, and related duties. In connection with the divorce, petitioner's husband had made an oral promise to pay the Federal income taxes, but he did not keep his promise. There was no legal obligation under the divorce decree for payment of the income tax liability. Petitioner's husband did not force her to sign the returns or intimidate her in such a way that she signed under duress.

Petitioner filed for relief from joint and several liability. Respondent's determination was that she was not entitled to relief under section 6015(b) or (c) because the assessments were based on underpayments of tax reported due. Respondent also reviewed all of the factors to be considered for relief under section 6015(f) and determined that she was not entitled to equitable relief.

## Discussion

Section 6015(b) and (c) provides for relief from joint and several liability in situations where there is an understatement of tax or a deficiency in tax, respectively. Because these cases involve underpayments of tax reported on joint returns, petitioner is not entitled to relief under either section 6015(b) or (c).

Section 6015(f) gives the Commissioner discretion to grant relief from joint and several liability if, taking into account all of the facts and circumstances, it is inequitable to hold an individual liable for any unpaid tax and relief is not available under section 6015(b) or (c).

As directed by section 6015(f), the Commissioner has prescribed guidelines in Rev. Proc. 2003-61, sec. 4.03(2), 2003-2 C.B. 296, 298, which lists the eight nonexclusive factors that the Commissioner will consider in determining whether, taking into account all the facts and circumstances, it is inequitable

to hold the requesting spouse liable for all or part of the deficiency, and full or partial equitable relief under section 6015(f) should be granted.

These nonexclusive factors include whether: (1) The requesting spouse is separated or divorced from the nonrequesting spouse; (2) the requesting spouse will suffer economic hardship without relief; (3) the requesting spouse did not know or have reason to know that the nonrequesting spouse would not pay the income tax liability; (4) the nonrequesting spouse had a legal obligation to pay the outstanding liability; (5) the requesting spouse received a significant benefit from the item giving rise to the deficiency; (6) the requesting spouse has made a good faith effort to comply with income tax laws in subsequent years; (7) the requesting spouse was abused by the nonrequesting spouse; and (8) the requesting spouse was in poor mental or physical health when signing the return or requesting relief. Rev. Proc. 2003-61, sec. 4.03(2), further provides that no single factor will be determinative, but that all relevant factors will be considered.

The Appeals officer determined that the first and sixth factors were in petitioner's favor, the second and third were against her, and the fourth and fifth were neutral. With respect to the seventh and eighth factors, the Appeals officer determined

that petitioner was not abused and no special consideration arises from petitioner's mental and physical health.

We will now consider whether there was an abuse of discretion in the denial of relief on the basis of the above-listed relief factors. After trial and the opportunity to consider petitioner's testimony, it appears that the Appeals officer was correct in the analysis of the eighth factor. There is no question about whether petitioner was separated or divorced and about her subsequent compliance, and so these factors weigh in her favor.

With respect to economic hardship, petitioner is currently employed and she has not established economic hardship. In that regard, petitioner and her husband were relieved of 1991, 1992, and 1993 income tax in an amount approaching $200,000 during their bankruptcy proceeding. This factor weighs against petitioner.

On the basis of petitioner's testimony, it is clear that she had reason to know that her husband would not pay the taxes reported on the returns as she was aware of the internal operations of his business and their personal inability to pay their bills. Accordingly, this factor weighs against petitioner.

Although petitioner's husband had made an oral promise to pay the tax liabilities, there was no enforceable legal

obligation to do so.  It was reasonable for the Appeals officer to treat this factor as neutral.

It is not clear that petitioner received a significant benefit from the fact that there were tax underpayments, but it is likely that she and her husband lived on the receipts of the business, although the taxes were unpaid.  Again, it was reasonable for the Appeals officer to treat this factor as neutral.

Finally, petitioner's husband was prone to overindulge in alcohol and may have used abusive language, but petitioner was not influenced or intimidated by his actions and these conditions did not play a factor in petitioner's choice to sign joint returns.  There has been no showing that petitioner's mental or physical health should play a role in the consideration of whether she should have been granted relief under section 6015(f).

In view of the foregoing, we hold that respondent's refusal to grant petitioner relief from joint and several liability for the 1994, 1995, and 1996 tax years was justified.

To reflect the foregoing,

<u>Decisions will be entered for respondent</u>.